CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

AUG 10 2006

JOHN F. CORCORAN, CLERK
BY:
     DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| DONALD TERRELL RICE, | ) | |
| Petitioner, | ) | Civil Action No. 7:06cv00464 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| TERRY O'BRIAN, WARDEN | ) | By: Samuel G. Wilson |
| Respondent. | ) | United States District Judge |

Petitioner Donald Terrell Rice, a federal inmate proceeding pro se, brings this action pursuant to 28 U.S.C. § 2241. Rice is currently serving a term of incarceration totaling 430 months in the United States Penitentiary Lee County for five criminal firearm convictions in the United States District Court of South Carolina. Rice alleges that his conviction is unconstitutional under the Uniform Commercial Code ("UCC").[1]

A writ of habeas corpus may be granted only if the petitioner is in custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. §§ 2241(c)(3) and 2254(a); Estelle v. McGuire, 502 U.S. 62, 68 (1991). The UCC is not relevant to Rice's federal conviction and it is not federal law. See Gilbert v. Monaco Coach Corp., 352 F.Supp.2d 1323, 1329 (N.D.Ga. 2004); Motorola, Inc. v. Perry, 917 F.Supp. 43, 48 n. 5 (D.D.C. 1996). Accordingly, the court finds that Rice's motion is wholly frivolous and dismisses his petition.[2]

---

[1] Rice appears to allege that his current incarceration is invalid because he is a "TRANSMITTING UTILITY" and is a "Sovereign synonymous with the People," and was not properly brought before a magistrate judge, tried, sentenced, and/or convicted in compliance with the Uniform Commercial Code. Additionally, he argues that he is a "holder in due course" with a "Superior Claim" over the United States and the District of Columbia, is owed a debt of "one octodecillion" dollars, and that he, "the COLLATERAL," is being "held in trust" by the Bureau of Prisons and should be released "without delay."

[2] Furthermore, a petition pursuant to 28 U.S.C. § 2255, not 28 U.S.C. § 2241, is the appropriate vehicle for challenging the validity of a conviction, unless a petition pursuant to 28 U.S.C. § 2255 is "inadequate and ineffective" for that purpose. In re Jones, 226 F.3d 328, 333-34 (4th Cir. 2000). A petition pursuant to § 2255 is "inadequate and ineffective" to challenge the imposition of a sentence only when 1) settled law established the legality of the conviction or

**ENTER**: This 10th day of August, 2006.

_____
UNITED STATES DISTRICT JUDGE

---

sentence at the time imposed; 2) after the prisoner has completed his appeal and first § 2255 motion, a change in substantive law renders the conduct for which the prisoner was convicted no longer criminal; and 3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law made retroactively applicable to cases on collateral review. Id. Rice has failed to show that relief under § 2255 is "inadequate and ineffective." Additionally, the court notes that Rice has made several attempts to challenge his federal criminal conviction under 28 U.S.C. § 2255 which have been individually addressed and denied. See Civil Action No. 7:05cv00908, Rice v. United States of America, (S.C. April 7, 2005); Civil Action No. 7:04cv21973, Rice v. United States of America, (S.C. Sep. 2, 2004); Civil Action No. 7:01cv01913, Rice v. United States of America, (S.C. Feb. 25, 2004).